IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

STEVEN KARL EDWARD BRADFORD,

    Plaintiff,

    v.                               CIVIL NO.: WDQ-10-0847

DAVID MATHIS, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Steven Karl Edward Bradford sued Dr. David Mathis and Peter Stanford (the "defendants") under 42 U.S.C. § 1983 for denial of medical care.[1] For the following reasons, the defendants' motion for summary judgment will be denied, and Bradford's motions for appointment of counsel will be granted.

I.     Background[2]

Bradford is an inmate at the Eastern Correctional Institution ("ECI") in Westover, Maryland. Compl. 1. On November 2, 2004, Bradford suffered severe damage to his left eye after fighting with another inmate. Compl., Ex. A at 1. He was prescribed Ultram ER, which is for patients who "need medication to relieve pain around-the-clock for a long time." Mathis Aff. ¶ 3 & n.1. Only Ultram ER has alleviated his chronic eye and face pain, migraines, tingling sensation on the left side of his face, flashes of light, and double vision. Compl. ¶¶ 2–3 & Ex. E

---

[1] No hearing is necessary. *See* Local Rule 105.6 (Md. 2010).

[2] In reviewing the motion for summary judgment, Bradford's evidence "is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

at 2; ECF No. 11, Ex. B at 15. Without it, he is unable to "read, write, eat, sleep[,] or participate in out of cell activities." *See* Compl. ¶ 6.

On February 9, 2010, Bradford requested renewal of his Ultram ER prescription before it expired. ECF No. 16 at 8. March 1, 2010 was his last dose. ECF No. 11, Ex. B at 7. On March 2, 4, and 9, 2010, Bradford submitted "sick-call" slips requesting refills. ECF No. 11 at 7. That month, he filed at least five more slips complaining of chronic pain, which Stanford, a Physician's Assistant, screened. ECF No. 11 at 7 & Ex. B at 7–13. On March 16, 2010, Bradford filed an emergency administrative request for pain medication. Compl., Ex. E. On March 19, 2010, Bradford wrote a letter to Dr. Mathis, ECI's medical director, describing his pain and requesting medication; it went unanswered. Compl. ¶ 9; ECF No. 11, Ex. B at 14.

Although an inmate must be seen within 24 hours of filing a "sick-call" slip, Stanford did not evaluate Bradford until March 22, 2010. ECF No. 16 at 7; Mathis Aff. ¶ 5. Bradford told Stanford that he had not "had pain medication in several weeks," and "rated his pain as a 7 or 8 [out of 10]." ECF No. 16 at 7–8. Stanford replied that he would speak to Dr. Mathis, and submitted a "non-formulary drug request form" for Ultram ER. Mathis Aff. ¶¶ 1, 5.[3] Stanford stated he would "get back" to Bradford "in a couple of days," but did not. Compl. ¶ 13.

In March 2010, ECI's custody staff expressed concern about the illicit use of Ultram ER; it cannot be crushed, so inmates "secrete [it in their] mouths," remove it, and sell it for "snorting and injection." Mathis Aff. ¶ 6. ECI's medical staff decided that no inmate may take Ultram ER. *Id.* ¶ 6. On March 29, 2010, a nurse told Bradford that Dr. Mathis had denied his pain medication request. Compl. ¶ 14.

---

[3] Only Dr. Mathis can approve such medication. ECF No. 16 at 7.

On April 13, 2010, Dr. Lino Quilo prescribed Bradford short-acting Ultram,[4] which Bradford has found less effective. Mathis Aff. ¶ 7. In April and May 2010, Bradford requested a dosage increase because the prescribed amount "did not relieve his pain." *Id.* ¶¶ 7–8. On April 20 and May 25, 2010, Stanford evaluated Bradford. *Id.* ¶¶ 7, 9. Stanford requested a neurology consultation to "assess Bradford's pain management needs." *Id.* ¶ 9. On July 16, 2010, Dr. Mathis scheduled an August 2010 appointment for Bradford to be evaluated by pain management specialists. *Id.* ¶ 10.

On April 5, 2010, Bradford (1) filed a pro se complaint against Mathis and Stanford under 42 U.S.C. § 1983 for denying him pain medication from March 2 to April 12, 2010, and (2) moved for appointment of counsel. Compl.; ECF No. 3. On July 23, 2010, the defendants moved to dismiss or, in the alternative, for summary judgment. ECF No. 11. On August 27, 2010, Bradford (1) opposed that motion, ECF No. 16, and (2) moved again for appointment of counsel, ECF No. 15.

II. Analysis

  A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. The Court should "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

---

[4] It is "easily crushed and floated in water," preventing illicit use. Mathis Aff. ¶ 6.

If the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, it treats the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). "When a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

Under Rule 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Ctr*., *Inc*., 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

B. Denial of Medical Care

Plaintiffs may bring a civil action to redress constitutional violations under 42 U.S.C. § 1983. To establish an Eighth Amendment claim for the denial of medical care, a plaintiff must

demonstrate that the defendant's act or omission was a "deliberate indifference to [a] serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

    1. Serious Medical Need

A serious medical need includes "the existence of chronic and substantial pain." *Jones v. Granger*, 935 F. Supp. 670, 673 (D. Md. 1996). It is undisputed that since his November 2, 2004 fight, Bradford has had severe chronic eye and face pain;[5] thus, from March 2 to April 12, 2010, Bradford suffered from a serious medical need.

    2. Deliberate Indifference

An official acts with deliberate indifference to a serious medical need when he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw[s] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Bradford asserts that the defendants acted with deliberate indifference to his pain by failing to give him pain medication from March 2 to April 12, 2010. ECF No. 16 at 9–10. He asserts that he "suffered needlessly" without medication, and was "unable to read, write, eat, sleep[,] or participate in out of cell activities." Compl. ¶¶ 6–7.

        a. Dr. Mathis

Bradford asserts that Dr. Mathis ignored his pain. *See* Compl. ¶ 9. Bradford states that he wrote several "sick-call" medication requests, an emergency administrative request for pain medicine, and a letter to Dr. Mathis describing his pain. *See id.* ¶ 8; *id.* at Ex. E; ECF No. 11, Ex. B at 7–14.

---

[5] *See, e.g.*, ECF No. 11, Ex. B at 10 (March 11, 2010 "sick-call" medication request for Bradford's "chronic . . . left eye" and "face" pain); *id.* at 15 (Stanford's notes detailing Bradford's "chronic" pain that "interrupts his sleep cycle").

5

Dr. Mathis asserts that he did not act with deliberate indifference because: (1) he discontinued Bradford's Ultram ER prescription only because ECI was concerned about illicit use among all inmates; and (2) he scheduled an August 2010 appointment for Bradford to meet with pain management specialists. ECF No. 11 at 10.

There is a genuine issue of material fact. A reasonable jury could find that Dr. Mathis was (1) "aware of facts" from which he could infer that a "substantial risk of serious harm" existed, and (2) drew the inference. *See Farmer*, 511 U.S. at 838. Even apart from Bradford's sick-call and administrative requests and letter to Dr. Mathis, Dr. Mathis does not deny knowing about Bradford's severe pain. *See, e.g.*, Mathis Aff. ¶ 5 ("Stanford . . . noted that he would discuss Bradford's pain management with me.").[6] ECI's prohibition of Ultram ER does not explain why Bradford did not receive any alternative medication until Dr. Quilo's April 13, 2010 short-acting Ultram prescription. *See* Mathis Aff. ¶ 7. An August 2010 appointment is irrelevant to Bradford's pain from March 2 to April 12, 2010. Accordingly, Dr. Mathis's motion for summary judgment must be denied.

    b. Stanford

Bradford asserts that Stanford failed to follow-up on his pain medicine requests even after they discussed his severe pain on March 22, 2010. Compl. ¶ 13; ECF No. 16 at 7–8. Stanford asserts that he did not act with deliberate indifference because he made "a sincere and reasonable effort to treat [Bradford's] medical issues" by: (1) evaluating Bradford on March 22, April 20, and May 25, 2010; and (2) requesting a neurology consultation to assess Bradford's pain management. ECF No. 11 at 7–9.

---

[6] *See also* ECF No. 11, Ex. B at 15 (Stanford's notes stating his "plan" to "discuss appropriate pain management with Dr. Mathis").

A reasonable jury could find that Stanford inferred that "a substantial risk of harm" to Bradford existed. *See Farmer*, 511 U.S. at 838. Bradford filed several "sick-call" slips in early March, but Stanford did not evaluate him until March 22, 2010. ECF No. 11, Ex. B at 5–13; Mathis Aff. ¶ 5. At that evaluation, Bradford told Stanford that he had been without pain medicine for several weeks, and "rated his pain as a 7 or 8 [out of 10]."[7] Stanford failed to follow-up. ECF No. 16 at 7–8. The consultation request and the April 20 and May 25, 2010 evaluations are irrelevant to Bradford's lack of medicine from March 2 to April 12, 2010. Accordingly, Stanford's motion for summary judgment must be denied.

III.  Conclusion

For the reasons stated above, the defendants' motion for summary judgment will be denied, and Bradford's motions for appointment of counsel will be granted.

<u>November 18, 2010</u>　　　　　　　　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[7] ECF No. 16 at 7–8; ECF No. 11, Ex. B at 15–16 (Stanford's notes stating that "[Bradford's] pain in left eye and side of face form a 8/10 in severity").

7